UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

| | |
|---|---|
| **Jorge Luis del Toro**, individually, and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>**Performance Sport Cars, Inc.**, a for profit Florida corporation, d/b/a "Auction Direct Miami," and d/b/a "Auction Direct Auto Sales"; **Usman Riaz**, individually,<br><br>        Defendants. | CLASS REPRESENTATION |

# FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Jorge Luis del Toro, individually and on behalf of others similarly situated, sues Defendants, Performance Sport Cars, Inc., a Florida corporation, d/b/a "Auction Direct Miami" and/or "Auction Direct Auto Sales", and; Usman Riaz, individually, and alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for money damages and equitable relief brought under the laws of the United States. This Court has jurisdiction, *inter alia,* pursuant to 28 U.S.C. §§1331 and 1337; the Fair Labor Standards Act ("FLSA"), 29 U.S.C., Sections 201-219, inclusive.

2. Plaintiff Jorge Luis del Toro, and others similarly situated worked as automobile salespersons at an automobile dealership location known as "Auction Direct Miami" or "Auction Direct Auto Sales" located *inter alia* in Miami-Dade County, Florida.

3. Plaintiff, together with any other person who may hereafter consent to join in this lawsuit, is and are "employees" within the meaning of 29 U.S.C. §203(e).

4.  Defendant Performance Sport Cars, Inc. is a Florida corporation, which owns and operates a closely, privately held automobile dealership in numerous locations including one at which the Plaintiff was employed from approximately 2016 through early June 2020. Said Defendant also owns the registered fictitious names of "Auction Direct Miami" and "Auction Direct Auto Sales" through which it operates auto dealerships.

5.  Defendant Usman Riaz is an individual who, together with other insiders, directly or indirectly, owns and operates "Performance Sport Cars, Inc." as automobile dealerships d/b/a "Auction Direct Miami" and "Auction Direct Auto Sales", and as part of a conglomerate of other related entities and persons. This conglomerate also includes at least one other auto dealership location in Miami-Dade County and possibly another in Monroe County, Florida, which are operated by Defendant Riaz and others, under the fictitious name "Keys Motors" registered by both "AA Auto Credit, LLC" and "All Motors, Inc."

6.  Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer".  Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

7.  The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in commerce within and beyond Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

8.  By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s). Moreover, the named Plaintiff,

2

and others similarly situated, were individually engaged in commerce within the meaning of the FLSA by virtue of the nature of the work they performed.

## CLASS ALLEGATIONS

9. The named Plaintiff is similarly situated to many other salespersons who work or have worked for the Employers during any part of the past three years at the automobile dealership known as Performance Sport Cars, Inc., d/b/a "Auction Direct Miami" and "Auction Direct Auto Sales".

10. The named Plaintiff and other similarly situated employees work or worked under a "commissions-only" pay plan which does not pay anything at all on account of the number of hours actually worked by sales personnel. Sales personnel of this employer are paid only such amounts as correspond to the actual commissions generated in the week, irrespective of the number of hours worked.

11. The Employer establishes a weekly pay period, such that sales personnel are supposed to be paid every Monday. On those weekly paydays, under the Employer's unlawful pay plan and practice, the Employer merely calculates the commission-only compensation due to each salesperson based entirely upon the number of cars sold and revenues finally collected during the corresponding weekly pay period. Regardless of the number of hours actually worked during the pay period, there is no compensation or even advance or draw permitted for salespersons unless they sell cars. Moreover, payment of wages rarely arrives on the established payday, but rather payment is made at the convenience of the Employer.

12. The Employer does not pay anything to sales personnel on account of hours worked and in fact does not even attempt to keep track of or otherwise account for the number of hours worked by them.

13. On numerous occasions during the period of time covered by this Complaint, salespersons employed by this Employer were paid less than what was necessary to cover the minimum hourly wage rate of pay for actual hours worked during a given pay period.

### ATTORNEY'S FEES

14. Plaintiff has engaged the services of the undersigned attorneys and agreed to pay a reasonable attorney's fee for their services.

### ENTITLEMENT TO ATTORNEY'S FEES

15. Plaintiff, and those similarly situated, are entitled to an award of prevailing party attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and other related authority, including §§448.08, 448.104 Florida Statutes.

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Minimum Wages)**

16. At all times during his and their employment, the Plaintiff and others similarly situated were employees required to be paid a minimum hourly wage for every hour worked for the Employer.

17. Since approximately 2015 through the present, the Employer has violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to timely pay Plaintiff and/or others similarly situated, anything on the scheduled pay date or otherwise paying them less than the minimum wage rates required under both federal law, and under applicable Florida law and Florida Constitution, which occasionally establish higher applicable minimum wage rates of pay made applicable under the FLSA.

18. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of minimum wages for all hours worked, and accordingly remains owing to the named Plaintiff and other similarly situated employees, unpaid minimum hourly

wages for every hour worked during each respective pay period, and liquidated damages based upon the tardy payment of wages due.

19.  The Plaintiff and those similarly situated incurred expenses and endured considerable hardships and damages as a result of their being deprived of the timely payment of their wages and the failure to pay even a minimum hourly wage when due.

## JURY DEMAND

20.  Plaintiff, Jorge Luis del Toro, and those similarly situated, demand trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

WHEREFORE, Plaintiff Jorge Luis del Toro, and others similarly situated demand the following: liquidated damages for the untimely payment of wages after the scheduled paydate; payment of unpaid minimum wages for every hour worked during applicable pay periods, together with reasonable attorney's fees and costs, to be proven at the time of trial. In the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

Dated: June 19, 2020

ANTHONY F. SANCHEZ, P.A.
ATTORNEYS FOR PLAINTIFF
6701 SUNSET DRIVE, SUITE 101
MIAMI, FLORIDA 33143
TEL.:   305-665-9211
FAX:    305-328-4842
EMAIL:  afs@laborlawfla.com

BY:  /S/ ANTHONY F. SANCHEZ
     ANTHONY F. SANCHEZ
     FLORIDA BAR NO. 789925