UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22534-CIV-UNGARO/O'SULLIVAN

JORGE LUIS DEL TORO,

    Plaintiff,
v.

PERFORMANCE SPORT CARS, INC. and
USMAN RIAZ,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT AND
RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE**

THIS MATTER came before the Court following a settlement conference before the undersigned and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid minimum wage under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide factual dispute over the number of hours, if any, for which the plaintiff was not properly compensated. The terms of the settlement were announced on the record in open Court. The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement agreement (including attorney's fees and costs) is hereby APPROVED. It is further

**RECOMMENDED** that this case be dismissed with prejudice and that the Court **retain jurisdiction until December 14, 2020** to enforce the terms of the settlement.[1]

DONE AND ORDERED in Chambers at Miami, Florida, this **30th** day of September, 2020.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] At the fairness hearing, the parties consented to magistrate judge jurisdiction for any further proceedings including any enforcement motions.